UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

ANTHONY E. SMITH           )
                           )
v.                         )     NO. 2:05-CV-218
                           )
BUDDY LOVE, *et al.*       )

## **MEMORANDUM and ORDER**

Anthony E. Smith, a former prisoner in the Greene County Detention Center (GCDC) has filed this *pro se* civil rights action under 42 U.S.C. § 1983. His application to proceed *in forma pauperis* is **GRANTED**.

The complaint contains the following allegations. The plaintiff is a diabetic and taking medication is very important to his health. On August 14, 2005, after one of his pills (glyburide) was accidentally dropped on the floor by a jailer who was dispensing morning medications at the GCDC, defendant officer Buddy Love told the jailer to give it to him anyway. He also said that the plaintiff could rub it off with his fingers. The plaintiff, who had told the jailer he did not want to accept the dropped pill, questioned the defendant's instruction. The defendant then advised the plaintiff to run water on the pill; that there were no other pills on the medication cart; and that he (defendant Love) could not get another one. (The plaintiff insists that there was another pill in the slot which could have replaced the pill that was dropped.) Later,

during breakfast, the defendant made light of the situation by grinning and waving at the plaintiff. For this alleged blatant disregard of his medical condition, the plaintiff seeks monetary and other types of relief.

Prison authorities who are deliberately indifferent to the serious medical needs of prisoners violate the Eighth Amendment rights of those prisoners. *Estelle v. Gamble*, 429 U.S. 97 (1976). Deliberate indifference requires a showing that a prison official acted or failed to act despite knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The plaintiff has alleged nothing factual to show that the defendant's instruction to give him the dropped pill, as opposed to offering him a replacement pill, was sufficiently dangerous to support a finding of deliberate indifference. Thus, he has failed to state an Eighth Amendment claim.

A separate order will enter.

ENTER:

      s/Thomas Gray Hull
    THOMAS GRAY HULL
     SENIOR U. S. DISTRICT JUDGE